Lahtinen, J.
(dissenting). Respectfully we dissent. Although latitude is provided from rigid compliance with the procedures set forth in Correction Law § 601-d (see People v Campbell, 93 AD3d 996, 997 [2012], lv denied 19 NY3d 862 [2012]; People v Becker, 72 AD3d 1290, 1291 [2010], lv denied 15 NY3d 747 [2010]), the record in this case reveals — in addition to statutory time frames that were not met — significant concerns as to whether defendant’s counsel had sufficient time to effectively prepare and, also, whether County Court (Becker, J.) failed to exercise its independent discretion in resentencing defendant.
The procedures set forth in Correction Law § 601-d (4) provide for appointment of counsel ahead of the initial court appearance and the subsequent resentencing proceeding. Here, the initial appearance never occurred and, instead, County Court advanced directly to resentencing. Less than IV2 hours before the resentencing proceeding, the attorney who represented defendant was appointed. Counsel noted at the time of his appointment that defendant had “a stack of documents” and, at the proceeding shortly thereafter, counsel “apologize[d] for not being conversant with the file.” Counsel was not only admittedly unfamiliar with the pertinent facts, but the record also reflects that counsel had not had an opportunity to become acquainted with the governing law regarding resentencing for purposes of postrelease supervision (hereinafter PRS) (see Correction Law § 601-d; see also Penal Law § 70.85).
The resentencing was decided by a different judge than the one who had imposed the original sentence in 1999 and, significantly, at resentencing the judge stated: “The issue for me is really pretty simple. I have to stand in the place of the judge who presided over your trial and who formulated the original sentence and do now what I think he would have done *1299 then.” However, it is settled law that a court must exercise its independent discretion at sentencing (see e.g. People v Farrar, 52 NY2d 302, 308 [1981]; People v Terry, 152 AD2d 822, 823 [1989]). It appears that County Court restricted itself to pondering what its predecessor would have done rather than exercising its independent discretion.
Further troubling is that this resentencing was not — as characterized by County Court — a “slam dunk.” While the record is poorly developed (not surprisingly under the circumstance of last minute appointment of counsel), it appears that defendant had compiled an excellent institutional record during the 12 years he had already served in prison. He had numerous supporting documents, including an apparently favorable letter written by the District Attorney of Delaware County in response to a clemency request. Interestingly, at resentencing, the People simply set forth the available range of PRS, but took no position regarding the length that should be imposed. Although the details are not developed, it also is apparent that significant information had been learned about events involving defendant’s children that might have been relevant for sentencing purposes. In these circumstances, we would reverse and vacate the sentence pertaining to PRS and remit for resentencing in a manner that is consistent with the statutory procedures of Correction Law § 601-d.
Spain, J., concurs. Ordered that the judgment is affirmed.